```
_____ FILED      _____ ENTERED
_____ LOGGED     _____ RECEIVED
```

Name: Salvador Garibo Guerra
Fed. Reg. No. 95693-011
Federal Correctional Institution-Lompoc
3600 Guard Road
Lompoc, CA 93436

JUN 14 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUT

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Civil Action No. PJM-10-1155 |
| ) | |
| Plaintiff ) | Criminal Action No. PJM-01-533 |
| ) | |
| v. ) | MOTION TO VACATE JUDGMENT PURSUANT |
| ) | TO RULE 36, IN PARI MATERIA TO |
| SALVADOR GARIBO GUERRA ) | RULE 60(b) FED. R. CIV. PROC. |
| ) | |
| Defendant ) | |
| ) | |

### MOTION TO VACATE JUDGMENT PURSUANT TO RULE 36, IN PARI MATERIA TO RULE 60(b) FED. R. CIV. PROC.

**COMES NOW,** Salvador Garibo Guerra, Petitioner, respectfully seeking leave of this Honorable Court, to entertain the above cause under Rule 36 adopted for criminal matters, the essential language of Rule 60 of the Civil Rules. This pleading arises from this Court's denial of Petitioner's writ of Habeas Corpus without any findings of facts and conclusions of law.

Petitioner properly invokes Rule 60(b) of the Federal Rules of Civil Procedure which provides that on motion made with a reasonable time "and upon such terms as are just, the Court may relieve a party ... from a final judgment, order, or proceeding for the following reasons ... (4) the judgment is void ... or (b) any other reason justifying relief from the operation of the judgment action is timely pursuant to Rule 60(b). See Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 189 (2nd Cir. 2003).

"Courts have been extremely lenient in defining the term 'reasonable time', with respect to voidness challenges" (internal quotation marks omitted). <u>Velez v. Vasallo</u>, 203 F.Supp.2d 313, 318 (S.D.N.Y. 2002) ("Nearly overwhelming authority exists for the proposition that there are no time limits to a challenge to a void judgment because of its status as a nulity") (quoting <u>United States v. One Toshiba Color Television</u>, 213 F.3d 147, 157 (3rd Cir. 2000).

"Unlike motions made pursuant to other subsections of Rule 60(b) the Court lacks discretion with respect to a motion made under Rule 60(b)(4), if void the Court must vacate the judgment." <u>Tuff-N-Rumble Mgmt. Inc. v. Sugarhill Music Pub. Inc.</u>, 99 F.Supp.2d 450, 455 (S.D.N.Y. 2000); see also <u>Herbert</u>, 341 F.3d at 189 ("The District Court has no discretion in ruling on a 60(b)(4), the judgment is either void or it is not") (internal citations omitted).

This motion is appropriate for addressing errors of law by the Court. <u>Finch v. City of Vernon</u>, 845 F.2d 256, 258-59 (7th Cir. 1988). Further, the Court can also entertain inadvertent errors such as omission of matters that the Court obviously failed to include. <u>Continental Casualty Co. v. Howard</u>, 755 F.2d 876, 883 (7th Cir. 1985), cert. denied, 475 U.S. 1122 (1986).

## STATEMENT OF JURISDICTION

Jurisdiction over this case is vested in the District Court pursuant to 18 U.S.C. §3231. The Court of Appeals has jurisdiction over appeals from final decisions of the District Court pursuant to 28 U.S.C. §1291-1294. The Petitioner's conviction was affirmed by the Circuit Court and the Supreme Court, which constitutes a final judgment; therefore, jurisdiction is proper. Berman v. United States, 302 U.S. 211, 213, 58 S.Ct. 164, 82 L.Ed. 204 (1937). This is a petition for habeas relief under 28 U.S.C. §2255 on Motion to Set Aside, Vacate, or correct Sentence.

## DISCUSSION

This motion for denial of Audita Querela relies, inter alia, on Marbury v. Madison (1803) for the proposition that it was the first time the Supreme Court explicitly explained and justified judicial review. If ever there was a dire necessity for a review of the judicial decision, it would be in this instant case, where the District Court appears to have departed from the admonition articulated in United States v. Morgan, 346 U.S. 502 (1954) ("In behalf of the unfortunates, Federal Courts should act in doing justice if the record makes plain a right to relief"). This Honorable Court, the Eighth Circuit, did just that in exercising its equitable powers by granting resentencing in a §3582(c), holding a District Court may consider grounds for departure unavailable to a defendant at the original sentencing. United States v. Mihm, 134 F.3d 1353, 1355 (8th Cir. 1998); United States v. Williams, 103 F.3d 57, 58-59 (8th Cir. 1996).

Petitioner's reliance on Marbury v. Madison is the lynch pin, for which he asks this Honorable Court in considering a rehearing en banc to take judicial notice of matters of settled law. Writing for a unanimous court, John Marshal, Fourth Chief Justice of the United States, used syllogistic reasoning. Major Premise: the Constitution is the Supreme law of the land and judges take an oath to support it. Minor Premise: it falls within the province of the judiciary to interpret the law. Conclusion: judges must not enforce a statute that they believe violates the Constitution.

Although assailed by Justice Gibson of the Pennsylvania Supreme Court writing a powerful opposing view in Easkin v. Raub, (1825), Marbury v. Madison has been ratified by time and practice and has become a cornerstone of the larger constitutional system, and the bedrock on which Morrison's pleading is anchored. Petitioner would also invoke Bell v. Hood, (citations omitted),

4

for the proposition that whenever there is an infringement of a federally protected right, one is entitled to relief.

In rubber-stamping and endorsing the denial of Petitioner's Writ of Error Audita Querela, this Court may have overlooked the All Writs Act, which provides a basis for exercise of equitable power, separate from inherent authority. Texaco Inc. v. Chandler, 354 F.2d 655, 657 (10th Cir. 1965) (Court has the "power and inescapable duty, whether under the All Writs statute, 28 U.S.C. §1651, or under its inherent powers of appellate jurisdiction, to effectuate what seems to be the manifest ends of justice") (internal quotation marks omitted); United States v. Mandel, 862 F.2d 1067, 1074 (4th Cir. 1988) (granting coram nobis relief under Section 1651(a) in light of retroactive change in mail fraud law and to "achieve justice").

Morgan teaches that Federal Courts may properly fill the interests of the federal post convictions remedial framework through remedies available at common law. Doe, 282 U.S. App. D.C. 266, 894 F.2d 425, 428 (D.C. Cir. 1990). Throughout his petition submitted to the District Court and denied by the Honorable Court, Petitioner Morrison relies heavily on United States v. Morgan to hold that Petitioner's exhaustion of his statutory rights under 28 U.S.C. §2255 does not bar his petition for Writ of Audita Querela.

Audita Querela is the only constitutional vehicle for this Petitioner to get the relief he seeks. The questions this Honorable Court faces is (a) whether Petitioner is foreclosed from attempting to retroactively apply Booker in light of United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005), (b) whether Petitioner has a substantive Fifth Amendment right to challenge his sentence and whether any such right would be retroactive, and (c) whether Petitioner is entitled to be resentenced under 18 U.S.C. §3582(c)(2)(5).

The Writ of Audita Querela is available in the federal criminal content

5

to fill the gap in the current systems of the post convictions relief. <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1079 (9th Cir. 2001). In <u>Valdez-Pacheco</u> the Ninth Circuit ruled that the Writ of Audita Querela was not available to a prisoner to avoid the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. §2255 and §2254, that limit the rights of a prisoner to file a second and successive habeas motion. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post convictions remedies that must be filled by the common law writs". <u>Valdez-Pacheco</u>, 237 F.3d at 1080. Because Valdez's claims were cognizable in a Section 2255 motion to vacate his convictions and sentence. The Ninth Circuit held that the Writ of Audita Querela was not available to him. <u>Id</u>.

<u>Valdez-Pacheco</u> is distinguishable from the present case because Valdez's claims raised in Petition for Writ of Audita Querela could have been raised in direct appeal or in earlier post conviction attacks. In Valdez's Writ of Audita Querela, "Valdez for the first time challenges the District Court's jurisdiction to impose enhanced sentence, based on the Government's alleged failure to file the requisite information denoting the prior convictions and his double jeopardy challenge to the conspiracy conviction, both of which were addressed in his direct appeal." <u>Valdez-Pacheco</u>, 237 F.3d at 1078-79 (citation and footnote omitted). In this instant case, Petitioner was precluded from raising "<u>Booker</u> issues" at the time of his sentencing, at the time of his direct appeal, and at the time he filed his Section 2255 motion, by United States Supreme Court decisions that precluded challenges to the validity of the Federal Sentencing Guidelines."

In <u>Doe v. Immigration and Naturalization Service</u>, 120 F.3d 200 (9th Cir. 1997), the Ninth Circuit held that "a Writ of Audita Querela, if it survives

6

at all, is available only if a defendant has a legal defense or discharge to the underlying judgment"; and the discussion in Doe is focused on the power of the Court to vacate a final conviction.

This, however, was to distinguish a legal claim from an equitable one. See Id.. The Doe Court relied on a Seventh Circuit case which stated the "defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction." Doe, 120 F.3d at 203 (emphasis added) (quoting United States v. Johnson, 962 F.2d 597, 582 (7th Cir. 1992)). As there may be no other remedy available to this Petitioner in this criminal case to remedy a grave injustice, this Petition for Audita Querela should be decided on its merits, unless the Court determines that Petitioner's petition should be construed as a 18 U.S.C. §2255 motion.

The United States Supreme Court has clearly held that the enhancement of 28 U.S.C. §2255 does not bar Federal Courts from considering common law writs. "The contention is made that §2255 of Title 28 U.S.C., providing that a prisoner in custody may at any time move the Court which imposed the sentence to vacate it, if in violation of the Constitution or laws of the United States, should be construed to cover the entire field of remedies in the nature of coram nobis in Federal Courts." We see no compelling reason to reach that conclusion. United States v. Morgan, 346 U.S. 502, 510, 74 S.Ct. 247, 98 L.Ed. (1954). In United States v. Morgan, the United States Supreme Court held that "the District Court has the power to grant" a motion in the nature of a Writ of Error Coram Nobis. Id. at 511.

The Court emphasized that the continuation of litigation after the final judgment and exhaustion or waiver of any statutory right or review should be allowed through the extraordinary Writ of Coram Nobis, which must be heard by the Federal Trial Court. Id. at 512. "Otherwise a wrong may stand uncorrected

which the available remedy would right." Id.

Petitioner contends in substance that the Writ of Audita Querela remains available because Booker is not retroactive. The Ninth Circuit has already rejected this claim in Carrington v. United States, (citations omitted). However, the Petitioner in Carrington did not proffer any evidence that they were uniquely impacted by the guidelines or that there are any equities that distinguish them from other defendants' sentence before "Booker". Carrington, 503 F.3d at 893.

The Ninth Circuit in Carrington expressly recognized that relief could be "available in a particular case upon a showing of truly extraordinary circumstances and equities." Id. In this instant case, this Petitioner represents truly extraordinary circumstances, and the equities present are unique to the Defendant. The sentence imposed by this Court was greater than necessary to accomplish the goals of sentencing. Resentencing is necessary to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3633(a)(6). Kimbrough v. United States, 128 S.Ct. 558, 574, 169 L.Ed.2d 481 (Dec. 10, 2007) noting that "Section 3353(a)(6) directs District Courts to consider the need to avoid unwarranted disparities--along with other §3553(a) factors--when imposing sentences."

## CONCLUSION

The Writ of Audita Querela should be available to this Petitioner because Booker announced a new rule of constitutional law that was unforseeable at the time of his sentencing and appeal, thus distinguishing his case from Valdez-Pacheco. The Ninth Circuit holding regarding Cruz should not apply to this Petitioner's petition for Writ of Audita Querela because Cruz and Teague only

apply to habeas cases on collateral review. The Court does not address the retroactivity of Booker under the Fourth Amendment. This Honorable Court should hold that Petitioner is entitled to be resentenced under 18 U.S.C. §3582(c)(2).

As recognized by the United States Supreme Court, "The sentencing judge has access to, and greater familiarity with, the individual cases and the individual defendant before him than the (Sentencing) Commission or the Appeals Court." See Gall v. United States, 128 S.Ct. 586, 598, 169 L.Ed.2d 445 (Dec. 10, 2007); and Kimbrough v. United States, 128 S.Ct. 558, 574, 169 L.Ed.2d 481 (Dec. 10, 2007); (quoting Rita v. United States, 127 S.Ct 2456, 1469, 168 L.Ed.2d 203 (June 21, 2007)).

### RELIEF SOUGHT

Petitioner seeks leave of this Honorable Court to grant the requested remedy, in recognition of common law post conviction remedies governed by United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 96 L.Ed. 248 (1954).

Date: June 7, 2008

Respectfully Submitted,

Salvador Garibo Guerra
Pro Se Petitioner

# CERTIFICATE OF SERVICE

I, **SALVADOR GAMBOA GUERRA**, hereby certify that I have served a true and correct copy of the following document(s) entitled;

**MOTION TO VACATE JUDGMENT PURSUANT TO RULE 60(b)**

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245 (1988)] to the following listed parties/persons by placing the above described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage to:

① CLERK OF THE COURT
COURT OF APPEALS FOR
THE FOURTH CIRCUIT
1100 E. MAIN ST. #501
RICHMOND, VA 23219-3517

② CLERK OF THE COURT
UNITED STATES
DISTRICT COURT
6500 CHERRYWOOD
GREENBELT-
MARYLAND 20770

and deposited same with the prison authorities acting as agents for the United States Postal Service here at the Federal Correctional Institution (Low) in Lompoc, California, on this **11th** day of **June**, 20**10**.

Pursuant to Title 28, United States Code section 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this the **11th** day of **June**, 20**10**.

_Salvador Guerra_
**Signature**

Print Name: **Salvador Guerra**
Register Number # **95693-011**
Federal Correctional Institution-Lompoc
3600 Guard Road, Lompoc, CA 93436-2705
No Telephone/Fax/E-Mail Available