IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SALVADOR GARIBO GUERRA  \*
\*
Petitioner  \*
\*
v.  \*  Civil No. PJM 10-1155
\*  Crim. No. PJM 01-0533
\*
UNITED STATES OF AMERICA  \*
\*
Respondent  \*
\*

## MEMORANDUM OPINION

Salvador Garibo Guerra, *pro se*, has filed a Motion to Vacate Judgment Pursuant to Rule 36, *in Pari Materia* to Rule 60(b), Fed. R. Civ. Proc. [Paper No. 810]. Having considered the Motion and the Government's Opposition thereto, the Court **DENIES** the Motion to Vacate Judgment.

I.

In May 2003, Guerra was sentenced to a 235-month prison term for conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. On November 16, 2006, Guerra filed a Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C. §2255. The Court dismissed the motion as time-barred on January 30, 2007.

On April 5, 2010, Guerra filed a Petition for Writ of Error *Audita Querela* pursuant to 28 U.S.C. § 1651, arguing that the Supreme Court's ruling in *United States v. Booker* applies retroactively. 125 S.Ct. 738 (2005) (holding that mandatory Federal Sentencing Guidelines are unconstitutional). On May 24, 2010, the Court denied this petition on the ground that Guerra could have raised these claims in his petition filed pursuant to 28 U.S.C. § 2255.

On June 14, 2010, Guerra filed a Motion to vacate the May 24, 2010 Order denying his Petition for Writ of *Audita Querela*. This Motion was styled as a Motion to Vacate Judgment Pursuant to Rule 36, *In Pari Materia* to Fed. R. Civ. Proc. 60(b). On October 18, 2010, the Court denied this motion, holding that Federal Rule of Civil Procedure 60(b) is not the appropriate means to challenge an underlying criminal conviction and reaffirming the earlier denial of his Petition for Writ of *Audita Querela*.

On November 18, 2010, Guerra filed the instant Motion, also styled as a Motion to Vacate Judgment Pursuant to Rule 36, *In Pari Materia* to Fed. R. Civ. Proc. 60(b). Here, Guerra attempts to revisit arguments already twice rejected by this Court. Guerra argues that the Court must (1) vacate the October 18 Order because the court should retroactively apply *United States v. Booker*; and (2) issue a Certificate of Appealability ("COA") because he has made a substantial showing of the denial of a Constitutional right.

## II.

In arguing that the Court should vacate its October 18, 2010 Order, Guerra attempts to relitigate previously decided matters. This Court, once again, declines to reverse its decision. As explained by the Court in the October 18 Order, the type of relief that Guerra requests in his Petition for Writ of *Audita Querela*—vacator of his sentence—was precisely the type of relief provided by a § 2255 petition. This motion cannot be used to circumvent the statutory bar to a § 2255 petition.

Additionally, Guerra seeks a COA, alleging he has made a substantial showing of the denial of a Constitutional right. The Court disagrees.

According to 28 U.S.C. § 2253(c)(2), a COA will not issue absent "a substantial showing of the denial of a constitutional right." Where the Court denied relief on procedural grounds, a

petitioner must demonstrate that the Court's dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of the constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Guerra has failed to make the requisite showing for the issuance of a COA. First, he has offered no argument that the Court's procedural rulings were debatable. Second, his argument that he was precluded from raising *Booker* at the time of his sentence is not a debatable claim of the denial of his constitutional right. *Booker* does not apply retroactively, and therefore does not apply here, where the sentence became final before *Booker* was decided. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005).

### III.

For the foregoing reasons, Guerra's Motion to Vacate Judgment Pursuant to Rule 36, in Pari Materia to rule 60(b), Fed. R. Civ. Proc. [Paper No. 810] is **DENIED**.

A separate Order will **ISSUE**.

_____ /s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

November 4, 2011